IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MARJORIE DIEHL-ARMSTRONG,    )
                             )
MARK MARVIN                  ) CR 7-26
                             ) CV 17-224
                             )
    v.                       

UNITED STATES


**MEMORANDUM ORDER**


In this action, a jury found Defendant Diehl-Armstrong guilty of violating 18 U.S.C. 371, 2113, and 924(c).[1] On March 1, 2011, she was sentenced to consecutive terms of imprisonment of 60 months, life, and 360 months. The Court of Appeals affirmed her conviction and sentence. Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which was denied by Order of Court dated December 28, 2015. On August 7, 2017, Mark Marvin, a non-party to this action, filed a Section 2255 Motion. That Motion has been fully briefed, and is ripe for disposition.

Mr. Marvin asserts that he is Ms. Diehl-Armstrong's common-law husband; that he was advised that she died on April 6, 2017, in a prison hospice in Texas; that the prison failed to follow proper procedures relating to an inmate's death; and that he has been unable to retrieve her remains from the prison. The Government asserts that Ms. Diehl-Armstrong did not designate and had no known next of kin; she had designated Mr. Marvin as a "friend" to be

---

[1] Judge McLaughlin presided over the trial of this matter. Judge Cercone and Judge McVerry presided over other aspects of this matter, until it was transferred to my docket on February 2, 2018.

1

notified upon her death. The Bureau of Prisons legal counsel assessed, and rejected, Mr. Marvin's claim that he was Ms. Diehl-Armstrong's husband. Per the Government, Ms. Diehl-Armstrong was given a proper burial in a local Texas cemetery. In response, Mr. Marvin objects, inter alia, Ms. Diehl-Armstrong's "secret burial" and the Government's failure to disclose the burial site. He seeks a death certificate, autopsy report, letter of condolence, Defendant's possessions, and the reburial of her remains in the Quaker Cemetery at Cornwall, N.Y. I have considered Petitioner's Motion according to the liberal standards afforded pro se litigants.

A prisoner in federal custody may move to vacate her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A Section 2255 petition is rendered moot when a defendant dies. See Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). I find no authority permitting Mr. Marvin to challenge the proceedings on Ms. Diehl's behalf, or to otherwise use Section 2255 as a vehicle to obtain the relief that he seeks. For the same reasons, to the extent that Mr. Marvin's petition should be viewed as having been brought pursuant to 28 U.S.C. § 2241, that Section is unavailing. See Cassady v. Ziegler, No. 12-00078, 2014 U.S. Dist. LEXIS 159696, at *1 (S.D. W. Va. Oct. 21, 2014). Moreover, habeas proceedings are intended to address concerns related to persons in federal custody. As Ms. Diehl is deceased, the Motion before the Court does not so relate. I empathize with Mr. Marvin's situation, but a habeas petition in this criminal matter, in this forum, is not amenable to the relief he seeks. His Motion must be denied. The denial is without prejudice to Mr. Marvin to attempt to seek redress in the appropriate forum, via an appropriate mechanism.

To the extent that I am required to consider the propriety of a certificate of appealability 28 U.S.C.§ 2253, none shall issue.

AND NOW, this 13th day of April, 2018, IT IS SO ORDERED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court